IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CR3051 |
| | ) | |
| v. | ) | |
| | ) | |
| DALE A. WEICHEL, | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S MOTION FOR |
| Defendant. | ) | RETURN OF SEIZED PROPERTY |
| | ) | |

Filing 57 is the defendant's Motion for Return of Seized Property in which the defendant asks that certain firearms be released by order of this court to the defendant's sister so that the firearms may remain a part of the family estate.   The United States resists.   I ordered an evidentiary hearing in accordance with *Ball v. United States*, 193 F.3d 998 (8th Cir. 1999), and *U.S. v. Burton*, 167 F.3d 410 (8th Cir. 1999).

As a result of that hearing, including the pleadings and documents filed preceding the hearing, I find the facts to be as follows:

> The firearms that are the subject of the motion were seized by deputy sheriffs of Saline County, Nebraska, on February 15, 2007, in connection with a state action on a writ of restitution, in the process of which deputy sheriffs discovered what were believed to be an operation for production of methamphetamine.   A search was made pursuant to a warrant issued by the Saline County Court.   The subject firearms were seized pursuant to that warrant, and have physically been in the custody of the county sheriff's office at all times since then.   There is no evidence that the federal authorities had any part in obtaining the warrant, issuing the warrant, performing the search, or receiving and placing the firearms in the sheriff's custody.

> The firearms at issue were available for use at any proceedings of the federal court, but none was offered or otherwise used in the defendant's prosecution.   The prosecuting attorney and the defense attorney viewed the firearms at the office of the sheriff of Saline County.   Deputy Sheriff Kenneth Uher testified at the hearing that if the prosecuting attorney had asked that the firearms be brought to court for use in the prosecution of Weichel, the deputy sheriff would have brought them without need of a subpoena duces tecum, but if the defense counsel had asked that they be brought, the deputy sheriff would have required an order of the court.   The defendant was charged criminally by the state, but those charges were dismissed in view of the federal charges.

I took judicial notice of the pleadings and proceedings of this case, among which is filing 60 that contains a copy of the search warrant and its return, a list of the items seized, including the firearms at issue here, together with an affidavit of Kenneth Uher, the deputy sheriff who testified at the hearing.  That affidavit speaks of the search and seizure in these terms:

> That search warrant was sought based on information exclusively gathered by the Saline County Sheriff's office.  It was sought without the knowledge of or assistance by any federal agency of which I am aware.   I was present when the search warrant was served and there were no federal agents involved in the search.   A number of items of evidence were seized by the Saline County Sheriff's office, some of which were firearms.
>
> These firearms seized during the search described above are now in the possession of the Saline County Sheriff's office in our property room.   Those firearms, according to the records of the Saline County Sheriff's office, have remained in the sole custody of the Saline County Sheriff's office since their seizure.

The applicable law is Rule 41(g) of the Federal Rules of Criminal Procedure which provides:

A person aggrieved . . . by the deprivation of property may move for the property's return.   The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.   If it grants the motion, the court must return the property to the movant, but may impose a reasonable conditions to protect access to the property and its use in later proceedings.

Three cases of the Eighth Circuit Court of Appeals are pertinent.  The most recent is *United States v. Burton*, 167 F.3d 410 (1999).  There, the defendant moved for the return of money that the Minneapolis Police Department officers had taken in the search of an apartment pursuant to a state warrant.   The court held that the district court had improperly denied the defendant's motion for return of the property without receiving evidence "to determine who had custody or possession of the object property."

In an unpublished opinion, *United States v. Woodall*, 107 F.3d 876 (1997), items had been seized by state authorities when they arrested the defendant, some of which were later used in his federal prosecution.   The court affirmed a denial of the defendant's motion for return of the items, saying:

> The district court also properly denied the motion as to items that were used as evidence in Woodall's federal trial and then returned to the state authorities.   The items were outside the possession of the federal government. . . and were seized by state authorities pursuant to a state court warrant, without any federal participation in the seizure. . . .   Finally, the government is not accountable for state-seized items that it never possessed or used as evidence.

In *Thompson v. Covington*, 47 F.3d 974 (1995), the court cited *Mora v. United States*, 955 F.2d 156, 158-59 (2nd Cir. 1992), and said that the district court where the defendant was tried has ancillary jurisdiction to decide post-trial

motions for return of property and the court must make findings to identify items the government "still possesses, and then fashion relief . . ."   The Eighth Circuit Court of Appeals held that "Because Thompson was tried in the District of Minnesota, the district court there would have ancillary jurisdiction over Thompson's civil equitable action and Thompson should have filed it there."

Here, there was no trial; the defendant pleaded guilty.  There was no use made of the firearms that are the subject of the motion.

The movant's counsel points to two factual situations that he argues constitute possession or custody by the government.  He argued "control" but the Eighth Circuit cases that I have found use the word "control," but use the term "custody or possession," as in the *Burton* case, or "possession" as in the *Woodall* case, or "possesses," as in the *Thompson* case.   He argues that when he and the Assistant United States Attorney prosecuting Mr. Weichel were in the county sheriff's office, he and the assistant U.S. attorney were able to see and touch and feel the firearms and thereby, the government had control or perhaps possession of them.  But that kind of momentary physical ability to touch and pick up firearms being held by the sheriff's office is not the kind of "custody" or "possession" meant by the *Burton* opinion.  What is involved in the present motion is a request for disposition of the property–the sentencing of the property to the sister of the defendant.   Nothing in the evidence before me even hints that either of the counsel at that time could have picked up the firearms and rightfully walked away with them to dispose of–or even to use them–without explicit permission of the sheriff or deputy sheriff.

Secondly, the defense counsel argues that the acknowledgment of the deputy sheriff that he would have brought the firearms to court if the assistant

-4-

United States attorney had asked him to without the necessity of a subpoena duces tecum means that the government had "custody or possession" of the firearms. I do not find it to be so. The custody and possession of the firearms remain with the authority that caused it to be where it was and is today. The county judge issued the warrant "to search the–place (described). . . for the purpose of discovering and seizing . . . (described property) . . . and, if found, to seize and deal with the same as provided by law. . ." The sheriff's policy is to cooperate with the federal prosecutor by delivering seized property without the need for a court order. No law has been shown to have placed a duty upon the deputy sheriff to deliver goods to a federal prosecutor without a court order. Reasonable cooperation is useful and is built upon trust, but does not equate with handing over custody or possession for dispositional purposes, where no such delivery has occurred.

A decent respect for the official action of the county judge of Saline County suggests that jurisdiction over the firearms at issue lies in that court, not this one.

This court's file shows that the defendant was charged here in a three-count indictment, with (1) manufacturing and attempting to manufacture methamphetamine (2) during and in relation to drug trafficking crime used and carried a firearm or firearms in furtherance of such crime; and (3) forfeiture of the firearms at issue in the pending motion. The defendant pleaded guilty to manufacturing and attempting to manufacture methamphetamine and has been sentenced to imprisonment for 57 months. The remaining charges were dismissed.

IT IS ORDERED that the defendant's Motion for Return of Seized Property, filing 57, is denied for want of jurisdiction.

Dated September 4, 2008.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge